

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 16, 1939

Honorable G. M. Mann
County Auditor, Hill County
Hillsboro, Texas

Dear Mr. Mann:

Opinion No. 0-781
Re: From what funds should the expenses
of a county-wide road bond election
be paid?

We are in receipt of your letter of May 8, in which you request our opinion on the above stated question, and in which you set forth the following facts:

Hill County has recently held a county-wide election for the purpose of voting a $90,000 road bond issue. The election resulted favorably to the issuance of the bonds and it is now your desire to know to which fund is properly chargeable the election expense incurred therein.

It is the opinion of this department that such expense should be charged to the General Fund of the county. The purposes to which the proceeds of the sale of the bonds are to be devoted will be of benefit generally to the entire county.

Article 2996, Revised Civil Statutes, 1925, provides in part, that - "all expenses incurred in providing voting booths, stationery, official ballots, wood or rubber stamps, tally-sheets, polling lists, instruction cards, ballot boxes, envelopes, sealing-wax, and all other supplies required for conducting a general or special election, shall be paid for by the county, except the cost of supplying booths for cities."

The road bond election called in your county was a special election and, therefore, comes within the purview of this statute.

Yours very truly

ATTORNEY GENERAL OF TEXAS

CEC-s

By                                    (signed)
                            Clarence E. Crowe
APPROVED:                              Assistant

Gerald C. Mann (signed)     (Stamped:)  Approved
ATTORNEY GENERAL OF TEXAS               Opinion Committee
                                        By: G. R. L. Chairman

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT